**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. CV-09-00443-PHX-GMS |
| Plaintiff, | No. CR-09-00365-PHX-FJM |
| vs. | No. CR-09-00372-PHX-SRB |
| | **ORDER** |
| MARTIN G. FRASER; DON W. WATSON; EDWARD W. O'BRIEN; GARY M. OPPER, | |
| Defendants. | |

Pending before three Courts in this District are various motions to transfer cases to a single Judge. For the following reasons, the Court grants these motions in part and denies them in part.

**BACKGROUND**

The motions to transfer arise in three cases involving Defendants Fraser, Watson, O'Brien, and Opper, all of whom were officers of CSK Auto Corporation ("CSK"). The case before this Court, CV-09-00443-PHX-GMS ("Civil 443"), is based on a complaint filed by the Securities and Exchange Commission against all four defendants on March 5, 2009. (Dkt. # 1.) The complaint asserts various violations of the securities laws stemming from Defendants' alleged involvement in fraudulently hiding uncollectible receivables, over-recognizing vendor allowances, and misrepresenting CSK's financial performance.

There are also two criminal cases pending before other judges in this District: CR-09-00365-PHX-FJM ("Criminal 365"), before Judge Martone, and CR-09-00372-PHX-SRB ("Criminal 372"), before Judge Bolton. Both cases were initiated on April 7, 2009. Criminal 365 involves obstruction of justice charges against Defendants O'Brien and Opper, both of whom have since pled guilty are now awaiting sentencing. Criminal 372 involves allegations of conspiracy (count one), securities fraud (counts two through seven), false filings with the SEC (counts eight through thirteen), mail fraud (counts fourteen through twenty-one), false books and records (counts twenty-two and twenty-three), false statements to an auditor (counts twenty-four through twenty-nine), and false certifications of financial reports (counts thirty and thirty-one) against Defendants Fraser and Watson.

Defendant Fraser has filed a Notice of Related Cases and Motion to Transfer, which requests that all three cases be heard by the same Judge. (Dkt. # 29.) The SEC and the United States have filed what amount to notices of non-opposition.[1] (Dkt. # 39, 40.) In Criminal 365, the United States moved to transfer Criminal 372 to Judge Martone. (CR-09-00365-PHX-FJM at Dkt. # 29.) In Criminal 372, Defendant Watson has filed a motion to transfer Criminal 372 to this Court. (CR-09-00372-PHX-SRB at Dkt. # 30.)

**ANALYSIS**

The questions presented by these motions are: (I) which Judge should decide whether to transfer the cases to a single Judge, (II) whether the cases should all be transferred to a single Judge, and (III) if so, which Judge that should be. The Court will address each issue in turn.

---

[1] The United States also points out that there was a (now-settled) class action case before another Judge in this District, CV-06-01503-PHX-DGC. (*See* Dkt. # 39 at 4-5.) The United States suggests that this suit shared some similarities to the three cases at issue here. However, no party has moved to transfer this case to the Judge who handled that case, and the Court will therefore not consider doing so.

**I.     Which Judge Should Rule on the Transfer Motions?**

The Local Rules provide that if a party believes that cases should be transferred to a single Judge, the motion to transfer "shall be filed in the case with the lowest case number and shall be heard by the Judge assigned to that case." LRCiv 42.1(a)(1); *see also* LRCrim 5.3 (incorporating LRCiv 42.1 into the rules for transfer of related criminal cases). Application of this rule is ambiguous in the context of motions to transfer civil and criminal cases, as civil and criminal case numbers are assigned separately and therefore are not a reliable indication of which case was filed first. Here, Civil 443 was filed before either Criminal 372 or Criminal 365. Thus, this Court is the proper forum for deciding the transfer motions. The Court will therefore consider all of the transfer motions that have been filed.

**II.    Should the Cases be Transferred to a Single Judge?**

The Local Rules provide five factors the Court may consider in deciding whether to transfer cases to a single Judge:

> Whenever two or more cases are pending before different Judges and any party believes that such cases (A) arise from substantially the same transaction or event; (B) involve substantially the same parties or property; (C) involve the same patent, trademark, or copyright; (D) calls [sic] for determination of substantially the same questions of law; or (E) for any other reason would entail substantial duplication of labor if heard by different Judges, any party may file a motion to transfer the case or cases involved to a single Judge.

LRCiv 42.1(a)(1); *see also* LRCrim 5.3.

Here, the nature of the two criminal cases is sufficiently similar such that transfer to a single Judge is appropriate. The cases do arise from substantially the same transaction or event (namely, the alleged securities fraud scheme) and call for similar legal determinations. Moreover, although Criminal 372 portends extensive litigation, a Judge would not be overly-burdened by presiding over Criminal 365 as well because that case is at the sentencing stage. Indeed, because the guilty pleas of Defendants O'Brien and Opper in Criminal 365 are likely to be an important issue in Criminal 372, transfer of both cases to a single Judge will promote an efficient resolution of any such issues.

1 However, the civil case, while involving factual questions similar to the criminal 2 cases, will not involve the numerous criminal law issues likely to come up in those 3 prosecutions. Moreover, given the extensive nature of the litigation likely in both Civil 443 4 and Criminal 372, a division of labor between two Judges would likely be more conducive 5 to judicial efficiency than would transfer to a single Judge. Therefore, the Court will transfer 6 the two criminal cases to the same Judge, but will not transfer the civil case to that Judge.

**III.    Which Judge Should Preside Over the Transferred Cases?**

Because the civil case will not be transferred, it will remain with this Court. In determining which Judge should preside over the criminal cases, the Court must consider four factors: (1) whether substantive matters have been considered in a case, (2) which Judge has the most familiarity with the issues involved in the cases, (3) whether a case is reasonably viewed as the lead or principal case, and (4) any other factor serving the interest of judicial economy. LRCiv 42.1(a)(4); *see also* LRCrim 5.3.

Here, the first, second, and fourth factors do not carry any appreciable weight, as both cases are relatively new and neither Judge has more familiarity with the issues than the other. However, Criminal 372 is more properly viewed as the lead or principal case, as it involves some thirty-one counts against Defendants Fraser and Watson, alleging a wide variety of misconduct, including securities violations, conspiracy, and mail fraud. Criminal 365, on the other hand, merely involves single counts of obstruction of justice against O'Brien and Opper. The Court will therefore transfer Criminal 365 to the Judge presiding over Criminal 372, Judge Bolton.

**CONCLUSION**

The Court concludes that Criminal 365 and Criminal 372 should be transferred to the same Judge, in this case Judge Bolton, but that Civil 443 should remain with this Court.

**IT IS THEREFORE ORDERED** that the various motions to transfer filed in these three cases (Dkt. # 29 of this case; Dkt. # 29 of CR-09-00365-PHX-FJM; and Dkt. # 30 of CR-09-00372-PHX-SRB) are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that CR-09-00365-PHX-FJM is transferred to Judge Bolton.

DATED this 13th day of May, 2009.

G. Murray Snow
United States District Judge